**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **Marshall Caro,** | § | **CIVIL ACTION NO:** |
| | § | |
| **Plaintiff** | § | **3:09-CV-1353 (CFD)(TPS)** |
| | § | |
| | | |
| **vs.** | § | **August 27, 2010** |
| | § | |
| **David Weintraub, et al.,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

**NON-PARTY GOOGLE INC.'S**
**MOTION TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER AND**
**MEMORANDUM OF LAW IN SUPPORT OF SAME**

Pursuant to Fed. R. Civ. P. 26(c) and 45(c)(3), non-party Google Inc. ("Google") hereby submits this Motion to Quash and for Protective Order regarding the subpoena issued by Plaintiff Marshall Caro ("Plaintiff") to Google on August 16, 2010.

**I.   INTRODUCTION**

Plaintiff recently filed a Motion to Compel Google to respond to a subpoena for emails from his late wife's email account. *See* Doc. No. 100. That original subpoena was deficient in a number of ways, having been issued out of the wrong court, requesting a number of documents Google does not possess, and demanding the contents of emails that Google cannot disclose to Plaintiff under the federal Stored Communications Act, 18 U.S.C. § 2701, *et seq.* ("SCA"). Google explained all of this to Plaintiff before he filed his motion, and further explained that the proper way to obtain emails from his late wife's account *is to issue an appropriate discovery request to the administrator of her estate*, who could then produce them in the ordinary course of

ORAL ARGUMENT NOT REQUESTED

discovery after he followed Google's procedures for obtaining access to the account. *See, e.g.,*

*Flagg v. City of Detroit*, 252 F.R.D. 346 (E.D. Mich. 2008). Before Google could even respond

to Plaintiff's motion, this Court (Judge Smith, U.S. Magistrate Judge) denied the motion *sua*

*sponte* and ordered him to pursue his discovery requests in the Northern District of California.

*See* Order denying Motion to Compel regarding non-party Google (Doc. No. 101). However,

instead of obeying the Court's Order or following the procedures outlined in *Flagg* for lawfully

obtaining the emails at issue, Plaintiff simply reissued an identical subpoena to Google out of

this District.

    Google is thus forced to move the Court for an order (1) quashing the subpoena,

(2) entering a protective order barring Plaintiff from issuing any further improper discovery

requests to Google related to his late wife's email account, and (3) awarding Google its

reasonable expenses incurred in bringing this motion, including its attorney's fees.

## II.    STANDARD OF REVIEW

    This Court has recognized that "[n]othwithstanding the breadth of the discovery rules, the

district courts are afforded discretion under Rule 26(c) to issue protective orders limiting the

scope of discovery." *Chamberlain v. Farmington Savings Bank*, 247 F.R.D. 288, 290 (D. Conn.

2007) (citation omitted). In fact, where good cause exists the Court "may make any order which

justice requires to protect a party or person from annoyance, embarrassment, oppression, or

undue burden or expense, including . . . that the disclosure or discovery not be had." *Id.* (citation

omitted). A similar analysis applies in the context of a motion to quash a subpoena. *See*

*Travelers Indemnity Co. v. Metropolitan Life Ins. Co.*, 228 F.R.D. 111, 113 (D. Conn. 2005).

"Whether a subpoena imposes an undue burden depends on such factors as relevance, the need of

the party for the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Id.* (citation and internal quotation marks omitted). Special weight is afforded to "the burden on non-parties of producing documents to parties involved in litigation." *Id.* (citation omitted).

## III.    FACTUAL BACKGROUND

Google provides electronic mail services to the public through its Gmail email service ("Gmail"). *See* Lim Declaration, at ¶ 2 (attached hereto as Exhibit A).

On July 23, 2010, Google received a Subpoena to Produce Documents issued by Plaintiff that was dated October 21, 2009. *Id.* ¶ 3 (Ex. 1). The subpoena was addressed to Google's corporate headquarters in Mountain View, California and requested, *inter alia*, "all emails" from the Gmail account "msliz.caro@gmail.com" and "all information you have concerning the email account, msliz.caro@gmail.com, including but not limited to the date and times of any password changes … and the IP addresses that were used to access the account and to make any changes thereto." *Id.* The subpoena demanded the production of these materials in Connecticut. *Id.* The account allegedly belongs to Plaintiff's deceased wife. *See* Motion to Compel Production from Google Inc., at 2 (Doc. No. 100).

On July 26, 2010, Google sent Plaintiff an objection letter explaining that his subpoena was improper because "Google is a California resident and the vast majority of documents and information regarding its business is retrievable and will be produced only from its headquarters in Mountain View, California, USA." *Id.* ¶ 4 (Ex. 2). Google advised the Plaintiff that it "accepts subpoenas issued from the Northern District of California Federal Court via personal service on the Google Custodian of Records for Google, Inc. at 1600 Amphitheatre Parkway,

3

Mountain View, California, 94043." *Id.* Google's objection letter further explained that the SCA prohibits Google "from disclosing the content of electronic communications pursuant to a civil subpoena," but that "[t]he appropriate way to seek such content is to direct your request to the account holder who has custody and control of the data in the account." *Id.*

On July 26, 2010, Ty Lim, a representative in Google's Legal Investigations Support Department, spoke with Plaintiff and further explained that (1) Google had not been properly served, (2) Plaintiff needed to obtain a subpoena issued out of California, (3) Google does not maintain logs of password changes, (4) if Plaintiff obtained a properly issued and served subpoena, Google could provide him with IP logs for the previous 28 days (the maximum amount of time for which Google retains such information), the account registration information, and header information for the emails (not including subject lines, which contain content), and (5) Google has a separate process for releasing access to a decedent's account upon the verification of death by the Estate Administrator. *Id.* ¶ 4.

Rather than obtaining a properly issued subpoena, on August 2, 2010, Plaintiff filed a Motion to Compel Production from Google in which he disputed the need to withdraw his subpoena, but stated that, "[i]f the Court so directs," he would reissue his subpoena to Google at an address the company maintains in New York City. *See* Doc. No. 100, at 5.

On August 5, 2010, Google's in-house counsel, Tamara Jih, spoke with Plaintiff. *See* Jih Declaration, at ¶ 2 (attached hereto as Exhibit B). Ms. Jih reiterated what Mr. Lim had previously explained, and further explained the process whereby the Administrator for his late wife's estate ("Estate Administrator") could be given access to the account and Plaintiff could then obtain the emails by issuing a discovery request to the Estate Administrator in the ordinary

course of discovery and in compliance with the SCA. *Id.* Plaintiff, however, refused to follow this course of action because of his disdain for the Estate Administrator, whom he characterized as untrustworthy. *Id.*

On August 6, 2010, Google's outside counsel, John K. Roche, also spoke with Plaintiff in an attempt to resolve this matter. *See* Roche Declaration, at ¶ 2 (attached hereto as Exhibit C). Plaintiff again refused to withdraw his subpoena, repeated his disdain for the Estate Administrator, and threatened to inundate Google with further discovery requests and motions practice if it did not fully comply with his unlawful subpoena. *Id.* ¶ 3.

On August 9, 2010, the Court denied Plaintiff's Motion to Compel *sua sponte* and did not direct him to re-serve Google in New York City, but rather, to raise his motion "in the U.S. District Court for Northern California, as it appears that Google is subject to personal jurisdiction in that court." *See* Order denying Motion to Compel regarding non-party Google (Doc. No. 101).

Instead of complying with the Court's Order, on August 16, 2010, Plaintiff issued an identical subpoena out of this Court to Google that was also dated October 21, 2009. *See* Lim Declaration, ¶ 5 (Ex. 3). This subpoena differed from the first only insofar as it was addressed to Google's office in New York, rather than California. *Id.*

## IV.    ARGUMENT

**A.    Plaintiff Has Disregarded the Court's Order and Fed. R. Civ. P. 45**

Under Fed. R. Civ. P. 45(a)(2)(C), a subpoena for production of documents must issue from the district <u>where the documents are located</u>, a fact that Google's representatives repeatedly

explained to Plaintiff. *See, e.g., Lent v. Signature Truck Systems, Inc.*, No. 06CV569S, 2010 WL 1707998, at *5 (W.D.N.Y. Apr. 26, 2010) (collecting cases). In recognition of this principle, this Court *sua sponte* ordered Plaintiff to pursue discovery against Google in the Northern District of California. *See* Order denying Motion to Compel regarding non-party Google (Doc. No. 101).[1] Plaintiff's disregard for the Federal Rules and this Court's Order – which implicitly rejected his offer to serve an identical subpoena on Google's New York office – is reason enough to quash the subpoena.

**B.      Federal Law Prohibits the Production of Emails Pursuant to a Civil Subpoena**

Even if Plaintiff's subpoena were properly issued, § 2702(a)(1) of the SCA nevertheless prohibits a communications provider from disclosing the contents of communications in electronic storage: "[A] person or entity providing an electronic communication service to the public shall not knowingly divulge to any person or entity the contents of a communication while in electronic storage by that service." There is no exception in the statute for discovery in civil litigation. Instead, a provider may, but is not required to, divulge the contents of a communication "to an addressee or intended recipient of such communication or an agent of such addressee or intended recipient" or "with the lawful consent of the originator or an addressee or intended recipient of such communication, or the subscriber in the case of remote computing service." *Id.* § 2702(b)(1), (3).[2]

Therefore, courts uniformly have held that the SCA prohibits service providers like

---

[1] Notably, the Plaintiff himself recognized this fact when he had the first subpoena served on Google's headquarters in Mountain View, California.

[2] The SCA does not prohibit Google from disclosing "a record or other information pertaining to a subscriber." 18 U.S.C. § 2702(c). For this reason, Google has advised Plaintiff that, upon receipt of a valid subpoena, it can produce (1) IP logs going back 28 days from the original subpoena, (2) account registration information, and (3) header information for the emails (not including subject lines, which contain content). *See* Lim Declaration, at ¶ 4. In an effort to avoid the unnecessary burden and expense of continuously responding to Plaintiff's discovery requests, Google can produce these categories of documents within 10 days of the Court's ruling on this motion if the Court determines that service on Google's New York office is proper notwithstanding the Court's implicit rejection of that procedure.

Google from producing the contents of a subscriber's communications (here, email messages) in response to civil discovery requests. *See Theofel v. Alwyn Farey-Jones*, 359 F.3d 1066, 1073 (9th Cir. 2004) (a subpoena for emails is not valid process under the SCA); *Flagg*, 252 F.R.D. at 366 (declining to address whether a communications provider must respond to a third-party civil subpoena for the content of text messages but noting that "it seems apparent" that it would be unlawful to do so); *Viacom Int'l Inc. v. YouTube Inc.*, 253 F.R.D. 256 (S.D.N.Y. 2008) (the SCA "contains no exception for disclosure of [the content of] communications pursuant to civil discovery requests"); *In re Subpoena Duces Tecum to AOL, LLC*, 550 F. Supp. 2d 606, 611-12 (E.D. Va. 2008) (disclosure of email content plainly prohibited by statute, with a statutory exception for government requests for ongoing criminal investigations); *O'Grady v. Superior Court*, 139 Cal. App. 4th 1423, 1441-43 (2006) (subpoena for email content unenforceable; the SCA "clearly prohibits any disclosure of stored email other than as authorized by enumerated exceptions . . . . [B]y enacting a number of quite particular exceptions to the rule of non-disclosure, Congress demonstrated that it knew quite well how to make exceptions to that rule.").

In order for civil discovery to proceed, however, a civil litigant can obtain the content of communications simply by issuing a discovery request to the account holder (or Estate Administrator in this case), who can then obtain the documents on their own and produce them to Plaintiff in the ordinary course of discovery. *Flagg*, 252 F.R.D. at 366. Plaintiff contends this procedure is unnecessary in this case because he purports to have received the Estate Administrator's consent for Google to produce the subject emails directly to him. *See* Doc. No. 100, at 6. However, Google respectfully disagrees that this purported consent satisfies the SCA and requires Google to turn over the subject emails directly to Plaintiff for a number of reasons.

First, there is no dispute that Google can provide an email to the "agent" of any addressee

or recipient of that email. *See* 18 U.S.C. § 2702(b)(1). Here, Plaintiff's late wife is the "addressee" of each email in her account and the Estate Administrator is her "agent." However, "lawful consent" for the disclosure of an email to a *third party* is appropriate only when given directly by the "originator or an addressee or intended recipient" of an email. *Id.* § 2702(b)(3). The Estate Administrator is certainly not an "addressee or intended recipient," nor is it likely that he is an "originator." Therefore, he cannot consent to, and thus authorize, Google's disclosure of protected content directly to a third party. Furthermore, even if one were to assume that Google is a "remote computing service" in this circumstance,[3] only the "subscriber" (*i.e.*, the decedent) can give lawful consent for disclosure to a third party in that instance. Accordingly, the Estate Administrator's "consent" is of no legal effect under these circumstances.

Second, Google has no obligation – and is in no position – to determine whether the emails in the subject account are at all relevant to these proceedings or protected by any applicable privilege. *See, e.g., Swidler & Berlin v. U.S.*, 524 U.S. 399, 406 (1998) ("the general rule is that the attorney-client privilege continues after death"). The account holder (or Estate Administrator in this case) is in the best position to review these documents for relevance and privilege, a concept reflected in *Flagg*. 252 F.R.D. at 347, 366 (ordering provider to produce communications to Magistrate to determine if any are discoverable).

Third, Plaintiff has an affirmative duty to "avoid imposing undue burden or expense" on Google in issuing his subpoena. *See* Fed. R. Civ. P. 45(c)(1). Rather than following that mandate, Plaintiff demands that Google act as a free document production service by compiling

---

[3] Google is an "electronic communication service" provider as opposed to a "remote computing service" provider in its provision of email. *Quon v. Arch Wireless Operating Co., Inc.*, 529 F.3d 892, 901-903 (9th Cir. 2008) ("remote computing service" is akin to a "virtual filing cabinet," whereas provision of email service is an "electronic communication service"), *reversed and remanded on other grounds by City of Ontario, Cal. v. Quon*, 130 S. Ct. 2619 (2010).

more than three years worth of content for the subject account and sending it to him.  Google does not perform this service for any decedent's account, but rather, gives the deceased subscriber's lawful representative (or parent if the decedent is under 18) access to the account upon receipt of appropriate documentation.[4]  At that time, the decedent's representative can access the content in the account.  As described above, Google's counsel has repeatedly explained this policy to Plaintiff, but Plaintiff refuses to comply.

Finally, Plaintiff has made it clear that he is at odds with the Estate Administrator.  Accordingly, Google is justifiably hesitant to rely on any form of "consent" purportedly given by the Estate Administrator to simply turn these documents over to Plaintiff, particularly where the only evidence of that consent has been provided by Plaintiff himself.

**C.     Google Requests its Attorney's Fees, Costs and a Protective Order in Light of Plaintiff's Repeated Requests for Documents That Google Does Not Possess or Cannot Produce**

As noted, Plaintiff has an affirmative duty to avoid imposing "undue burden or expense" on Google.  *See* Fed. R. Civ. P. 26(c)(1) and 45(c)(1).  Plaintiff has disregarded this mandate by ignoring this Court's order and serving a subpoena in New York that renews his demand for **(1)** password logs (which Google does not maintain at all), **(2)** IP logs (which Google only maintains for 28 days), and **(3)** contents of communications (which Plaintiff can only obtain from the Estate Administrator).  Plaintiff's actions have required Google to file the instant motion, thus entitling Google to its reasonable expenses incurred in making the motion, including attorney's fees.  *See* Fed. R. Civ. P. 26(c)(3).

---

[4] *See* Gmail's policy regarding "Accessing a deceased person's mail," *available at* http://mail.google.com/support/bin/answer.py?hl=en&answer=14300

## V.     CONCLUSION

For the reasons stated, Google respectfully requests that the Court issue an order:

(1) quashing Plaintiff's subpoena in its entirety;

(2) barring Plaintiff from issuing any further improper discovery requests to Google related to the account msliz.caro@gmail.com;

(3) directing Plaintiff to issue any future discovery requests related to the content of msliz.caro@gmail.com emails to the Estate Administrator; and

(4) awarding Google its reasonable expenses incurred in bringing this motion, including attorney's fees.

GOOGLE INC.

Respectfully submitted,

By:     /s/ Brian C. Roche _____
        Gerald C. Pia (ct 21296)
        Brian C. Roche (ct 17975)
        Roche Pia LLC
        2 Corporate Drive, Suite 248
        Shelton, CT 06484
        Telephone 203.944.0235
        Facsimile 203.225.1244
        gpia@rochepia.com
        broche@rochepia.com
        Its Attorneys

## **CERTIFICATION**

       I hereby certify that, on the date hereon, a copy of the foregoing was mailed postage prepaid to the following parties:

Marshall Caro
47 Angelus Drive
Greenwich, CT 06831

Glenn William Dowd
Peter K. Rydel
Day Pitney LLP-NH
One Audubon St.
New Haven, CT 06511

John E. Meerbergen
Ferguson Cohen LLP
66 Field Point Rd.
Third Floor
Greenwich, CT 06830-6473

                          /s/ _____
                          Brian C. Roche

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **Marshall Caro,** | § | **CIVIL ACTION NO:** |
| | § | |
| **Plaintiff** | § | **3:09-CV-1353 (CFD)(TPS)** |
| | § | |
| | | |
| **vs.** | § | |
| | § | |
| **David Weintraub, et al.,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

**DECLARATION OF TY LIM IN SUPPORT OF NON-PARTY GOOGLE INC.'S**
**MOTION TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER**

I, Ty Lim, declare and certify as follows:

1. I am a custodian of records for Google Inc. ("Google") and I am over 18 years of age. The following information is based upon my personal knowledge, is true and accurate to the best of my knowledge and belief, and I would competently testify to these facts if called upon to do so.

2. Google provides electronic mail services to the public through its Gmail email service ("Gmail").

3. On July 23, 2010, Google received a Subpoena to Produce Documents issued by Plaintiff Marshall Caro ("Plaintiff") that was dated October 21, 2009, a true and correct copy of which is attached hereto as Exhibit 1. The subpoena was addressed to Google's corporate headquarters in Mountain View, California and requested, *inter alia*, "all emails" from the Gmail account "msliz.caro@gmail.com" and "all information you have concerning the email account, msliz.caro@gmail.com, including but not limited to the date and times of any password changes ... and the IP addresses that were used to access the account and to make any changes thereto." The subpoena demanded the production of these materials in Connecticut.

4.   On July 26, 2010, I sent Plaintiff an objection letter, a true and correct copy of which is attached hereto as Exhibit 2.  That same day, I spoke with Plaintiff and further explained that (1) Google had not been properly served, (2) Plaintiff needed to obtain a subpoena issued out of California, (3) Google does not maintain logs of password changes, (4) if Plaintiff obtained a properly issued and served subpoena, Google could provide him with IP logs for the previous 28 days (the maximum amount of time for which Google retains such information), the account registration information, and header information for the emails (not including subject lines, which contain content), and (5) Google has a separate process for releasing access to a decedent's account upon the verification of death by the Estate Administrator.  Plaintiff nevertheless refused to withdraw his subpoena.

5.   On August 16, 2010, Plaintiff issued an identical subpoena out of this Court to Google that was also dated October 21, 2009, a true and correct copy of which is attached hereto as Exhibit 3.  This subpoena differed from the first only insofar as it was addressed to Google's office in New York, rather than California.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief and that this declaration was executed on August 26, 2010, at Mountain View, California.

By: _____/S/_____
                                            Ty Lim

2

# EXHIBIT 1

07/23/2010  02:39     2036535043              INDII.COM                    PAGE  03/12

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Connecticut

| | | |
|---|---|---|
| Marshall Caro | ) | |
| *Plaintiff* | ) | Civil Action No.  3:09-CV-1353(CFD) |
| v. | ) | |
| David Weintraub et al | ) | (If the action is pending in another district, state where: |
| | ) | ) |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
    Google, Inc.
    1600 Amphitheatre Parkway
    Mountain View, CA 94043

☑ *Production:* YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

### See Schedule A, attached hereto

| Place: | C/O | Law Offices of Mark F. Katz<br>196 North Street<br>Stamford, CT 06901 | Date and Time: | August 23rd, 2010<br>12 noon |
|---|---|---|---|---|

☐ *Inspection of Premises:* YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:    OCT 2 1 2009

      *CLERK OF COURT*        OR

      _____        _____
      *Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*    Marshall Caro, pro se
                                                   , who issues or requests this subpoena, are:

47 Angelus Drive
Greenwich, CT 06831
203-532.2913  marshallcaro@gmail.com

07/23/2010  02:39    2036535043          INDII.COM                      PAGE  04/12

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  3:09-CV-1353(CFD)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00

I declare under penalty of perjury that this information is true.

Date: _____                          _____
                                                                *Server's signature*

                                                _____
                                                              *Printed name and title*

                                                _____
                                                                *Server's address*

Additional information regarding attempted service, etc:

07/23/2010  02:39   2036535043          INDII.COM                    PAGE  05/12

## SCHEDULE A
## TO SUBPOENA DUCES TECUM
## DIRECTED TO GOOGLE INC.

Marshall Caro v. David Weintraub et al No. 3:09-CV-1353(CFD)

### INSTRUCTIONS

Interested party Marshall Caro hereby requests that you identify and produce copies of the documents and other tangible things set forth below.

1. You are requested to respond to these requests for production of documents within thirty days of service in accordance with Rule 45 of the Federal Rules of Civil Procedure.  Your responses should be sent to Plaintiff, in care of Attorney Mark Katz, addressed as follows:

    Law Offices of Mark F. Katz
    196 North Street
    Stamford, CT 06901
    Ph:(203) 357-9252
    Fax: (203) 358-8127

2. You are required to respond to these requests for production of documents in writing, after making relevant inquiries of all individuals who may have the knowledge required. You must divulge or produce all information that is in your possession, custody, or control or that is in the possession, custody, or control of your attorneys, investigators, agents, employees, boards, supervisors, overseers, consultants, contractors, or other representatives of yourself or your attorneys.

3. You are required to produce the information that is sought through these requests for production by providing ASCII or html files and email attachments in the form originally transmitted, on electronic media, either CD or DVD, containing that information.

4. If you are unable to respond to any part of the following requests for production in full, please respond to the extent possible and specify your reasons for not responding completely.  If you lack information necessary to respond full to any request for production, please describe the specific efforts made by your or by anyone on your behalf to ascertain the information and state as definitively as

possible when you anticipate obtaining the information sought and supplementing your response.  If any requested document cannot be produced in full, produce it to the extent possible, specifying your reasons for your inability produce the remainder and stating whatever information, knowledge, or belief you have concerning the unproduced portion.

5.  In the event that any document called for by these requests for production is withheld on the basis of disclosure of trade secret or other confidential research, development, or commercial information, please identify the document by providing the following information: (a)name, position and title of the author, (b) date, subject matter, and number of pages, attachments or appendices, (c) all persons to whom distributed, shown, or explained, (d) present custodian, and (e) the nature of the trade secret or other confidential research, development, or commercial information.

6.  Please organize and label the documents to correspond with the categories of these requests.

7.  These requests for production of documents are continuing in nature and require prompt supplemental responses if you obtain additional or different information after serving the responses required.

## DEFINITIONS

As used throughout these requests, the following terms shall have the meanings ascribed by the definitions set forth below.

1.  "DOCUMENT" or "DOCUMENTS", unless otherwise indicated, is used in its customarily broad sense and other tangible things of any nature whatsoever, and shall include, but not be limited to, all writings, drawings, graphs, charts, photographs, phone records, video tapes, audio tapes, other data compilations or storage devices from which information can be obtained (even if such information must be translated by Responding Party into reasonably usable form), magnetically recorded or stored information generated by a computer, contracts, agreements,

communications, correspondence, emails, text messages, instant messages, telegrams, memoranda, records, reports, books, summaries or records of telephone conversations or interviews, diaries, forecasts, statistical statements, work papers, drafts, accounts, analytical records, minutes or records of meetings or conferences, consultant's reports, appraisals, records, reports or summaries of negotiations, brochures, pamphlets, circulars, calendars, trade letters, press releases, notes, marginal notations, bills, invoices, checks, lists, journals, advertising, computer storage media including USB drives, CDs and DVDs, and all other written, printed, recorded or photographic matter or sound reproductions, or tangible representations of things, however produced or reproduced, and all non-identical copies of the foregoing.

2. "PERSON" or "PERSONS" shall refer to and mean any natural persons, firms, partnerships, associations, joint ventures, corporations and professional corporations, business trusts, banking institutions, limited liability companies, unincorporated organizations and/or any other legal entity or association.

3. "RELATING TO" shall refer to and mean referring to, evidencing, embodying, containing, constituting, identifying, stating, supporting, memorializing, or in any other manner as being relevant to the subject matter described in this particular REQUEST FOR PRODUCTION.

## PRIVILEGE

If you claim a privilege for any DOCUMENT requested herein, provide the following information:

1. The title, heading or caption, if any, of such DOCUMENT;
2. The identifying number(s), letter(s), or combination thereof;
3. The date appearing on such DOCUMENT and, if no date appears thereon, the approximate date on which the document was prepared.
4. The general nature or description of such DOCUMENT (*i.e.*, whether it's a letter, memorandum, etc), and the number of pages of such DOCUMENT.

5. The name of the person who signed such DOCUMENT or, if it was not signed, the name(s) of the person(s) who prepared it.

6. The name(s) of the person(s) to whom such DOCUMENT was addressed, and the name of each person other than the addressee(s) to whom such document or a copy thereof, was sent or who received or was shown any portion of such DOCUMENT.

7. The identity of and current contact information for the person who has custody of such DOCUMENT.

8. A general summary of the substance of such DOCUMENT.

## REQUESTS

1. All emails, existing or deleted, addressed to or copied to or originating from the email address: msliz.caro@gmail.com, that were created or initiated on or after January 1st, 2007. You may provide the emails on DVD or CD provided that the records may be easily read by html or pdf or doc or Outlook readers.

2. All information, documentation, or records you have concerning the emails identified in Request 1, including all metadata, headers, attachments, sequence numbers (or other records you may have that relate to these documents), the IP Addresses from which the emails originated, and the dates and times the emails were created, delivered, and/or deleted. Please provide the attachments on DVD or CD in both MIME format and in the format they would be stored if saved by the user if accessed via a browser running under Windows XP.

3. All information you have concerning the email account, msliz.caro@gmail.com, including but not limited to the date and times of any password changes, the dates and times this account was accessed via a browser (and whether a successful or unsuccessful login was attempted), and the IP addresses that were used to access the account and to make changes thereto. You are not required to divulge the actual password(s) – only your record of changes thereto.

EXHIBIT 2

Google Inc.
1600 Amphitheatre Parkway
Mountain View, California 94043



Tel: 650.253.3425
Fax: 650.249.3429
www.google.com

## FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| **TO:** Marshall Caro | **FROM:** Ty Lim |
| **COMPANY:** | **DATE:** July 26, 2010 |
| **FAX NUMBER:** (203)653-5043 | **TOTAL NO. OF PAGES INCLUDING COVER:** 3 |
| **PHONE NUMBER:** (203)532-2913 | **SENDER'S FAX NUMBER** 650-249-3429 |
| **RE:** Subpoena dated 10-21-2009 | **SENDER'S TELEPHONE NUMBER:** 650-253-3425 |

☐ URGENT     ☒ FOR REVIEW     ☐ PLEASE COMMENT     ☐ PLEASE REPLY

**NOTES/COMMENTS:**

Subpoena dated 10-21-2009 (Internal Ref. No. 107981)

Google Inc.
1600 Amphitheatre Parkway
Mountain View, California 94043



Tel: 650.253.3425
Fax: 650.249.3429
www.google.com

July 26, 2010

*Via Facsimile and Express Courier*
**(203)653-5043**

Marshall Caro
47 Angelus Drive
Greenwich, CT 06831
(203)532-2913

Re: **Marshall Caro v David Weintraub et al. United States District Court for the District of Connecticut, Case No. 3:09-CV-1353(CFD) (Internal Ref. No. 63115-107981)**

Dear Marshall Caro:

    We have received your subpoena for documents, dated 10-21-2009, in the above-referenced matter. As we understand it, you are seeking documents related to the Gmail account MSLIZ.CARO.

    This letter is to advise you that Google has forwarded notice of this matter, including your name and contact information, to the user at the email address provided by the user.

    Please be aware that because Google is a California resident and the vast majority of documents and information regarding its business is retrievable and will be produced only from its headquarters in Mountain View, California, USA, Google believes it is under no obligation to respond to a subpoena not issued from a Court in this jurisdiction. Google accepts subpoenas issued from the Northern District of California Federal Court via personal service on the Google Custodian of Records for Google, Inc. at 1600 Amphitheatre Parkway, Mountain View, California, 94043. See F.R.C.P. 45(b). By accepting service of your subpoena, we are not waiving any other rights or objections.

    Section 2702(a) of the federal Electronic Communications Privacy Act prohibits Google from disclosing the content of electronic communications pursuant to a civil subpoena. 18 U.S.C. § 2702(a); Theofel v. Farey-Jones, 359 F.3d 1066 (9th Cir. 2004); see also In re Subpoena Duces Tecum to AOL, LLC., 550 F.Supp.2d 606, 611 (E.D. Va. 2008); Flagg v. City of Detroit, 252 F.R.D. 346, 366 (E.D. Mich. 2008); Viacom Int'l Inc. v. YouTube Inc., 253 F.R.D. 256 (S.D.N.Y. 2008); O'Grady v. Superior Court of Santa Clara, 139 Cal. App. 4th 1423, 1441-43 (2006). The appropriate way to seek such content is to direct your request to the account holder who has custody and control of the data in the account. O'Grady, 139 Cal. App. 4th at 1446-47. <Furthermore, if the account holder is a party to the underlying litigation, you may serve a document request on the account holder for the content sought. >See id.; see also Flagg, 252 F.R.D. at 348, 366-67.

Google Inc.
1600 Amphitheatre Parkway
Mountain View, California 94043



Tel: 650.253.3425
Fax: 650.249.3429
www.google.com

Google objects to the requests in the document subpoena to the extent they seek information already in Plaintiff's possession or available to Plaintiff from some other source that is more convenient, less burdensome or less expensive, including information available to Plaintiff from public sources. This means that if you are seeking account or other information from Google that is equally available from a party in the litigation, Google objects to that request on that basis. Google also objects to the requests to the extent they seek information containing confidential financial, proprietary or trade secret information, or any information subject to a confidentiality agreement or protective order. While Google does not require a protective order for production of its non-confidential information, Google will only produce information it deems confidential pursuant to a confidentiality agreement or protective order that it deems suitable for the protection of its confidential information. Please provide a confidentiality agreement or protective order if you intend to seek confidential documents of Google in your requests, as we will not produce confidential information without entry of a protective order that we deem suitable to protect the confidentiality of our documents.

Google further objects to the requests to the extent they seek information protected by any privilege, including the attorney-client privilege, work product immunity doctrine, common interest privilege, or any other applicable privilege, immunity, or restriction on discovery. We also object to the requests to the extent that they are irrelevant, overly broad, vague, ambiguous, unlimited in time or scope, fail to identify the information sought with reasonable particularity, or impose an undue burden on Google. Google objects to the requests to the extent that they seek information that is not relevant or reasonably likely to lead to the discovery of admissible evidence.

If you have any questions, please feel free to contact the Legal Investigations Support Department at LEGAL-COMPLIANCE@GOOGLE.COM. Thank you.

Very truly yours,

Ty Lim
Legal Investigations Support

# EXHIBIT 3

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
District of Connecticut

| | |
|---|---|
| Marshall Caro | ) |
| *Plaintiff* | ) |
| v. | ) |
| David Weintraub et al | ) |
| *Defendant* | ) |

Civil Action No.   3:09-CV-1353(CFD)

(If the action is pending in another district, state where: )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Google, Inc.
      76 Ninth Avenue – 4th Floor
      New York, NY 10011

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

## See Schedule A, attached hereto

| Place:     C/O   Law Offices of Mark F. Katz<br>196 North Street<br>Stamford, CT 06901 | Date and Time:<br><br>September 9th, 2010<br>12 noon |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   OCT 2 1 2009

CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*

OR

_____
*Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Marshall Caro, pro se
_____, who issues or requests this subpoena, are:

47 Angelus Drive
Greenwich, CT 06831
203-532.2913  marshalicaro@gmail.com

## SCHEDULE A
## TO SUBPOENA DUCES TECUM
## DIRECTED TO GOOGLE INC.

Marshall Caro v. David Weintraub et al No. 3:09-CV-1353(CFD)

## INSTRUCTIONS

Interested party Marshall Caro hereby requests that you identify and produce copies of the documents and other tangible things set forth below.

1. You are requested to respond to these requests for production of documents within thirty days of service in accordance with Rule 45 of the Federal Rules of Civil Procedure. Your responses should be sent to Plaintiff, in care of Attorney Mark Katz, addressed as follows:

   Law Offices of Mark F. Katz
   196 North Street
   Stamford, CT 06901
   Ph:(203) 357-9252
   Fax: (203) 358-8127

2. You are required to respond to these requests for production of documents in writing, after making relevant inquiries of all individuals who may have the knowledge required. You must divulge or produce all information that is in your possession, custody, or control or that is in the possession, custody, or control of your attorneys, investigators, agents, employees, boards, supervisors, overseers, consultants, contractors, or other representatives of yourself or your attorneys.

3. You are required to produce the information that is sought through these requests for production by providing ASCII or html files and email attachments in the form originally transmitted, on electronic media, either CD or DVD, containing that information.

4. If you are unable to respond to any part of the following requests for production in full, please respond to the extent possible and specify your reasons for not responding completely. If you lack information necessary to respond full to any request for production, please describe the specific efforts made by your or by anyone on your behalf to ascertain the information and state as definitively as

possible when you anticipate obtaining the information sought and supplementing your response. If any requested document cannot be produced in full, produce it to the extent possible, specifying your reasons for your inability produce the remainder and stating whatever information, knowledge, or belief you have concerning the unproduced portion.

5. In the event that any document called for by these requests for production is withheld on the basis of disclosure of trade secret or other confidential research, development, or commercial information, please identify the document by providing the following information: (a)name, position and title of the author, (b) date, subject matter, and number of pages, attachments or appendices, (c) all persons to whom distributed, shown, or explained, (d) present custodian, and (e) the nature of the trade secret or other confidential research, development, or commercial information.

6. Please organize and label the documents to correspond with the categories of these requests.

7. These requests for production of documents are continuing in nature and require prompt supplemental responses if you obtain additional or different information after serving the responses required.

## DEFINITIONS

As used throughout these requests, the following terms shall have the meanings ascribed by the definitions set forth below.

1. "DOCUMENT" or "DOCUMENTS", unless otherwise indicated, is used in its customarily broad sense and other tangible things of any nature whatsoever, and shall include, but not be limited to, all writings, drawings, graphs, charts, photographs, phone records, video tapes, audio tapes, other data compilations or storage devices from which information can be obtained (even if such information must be translated by Responding Party into reasonably usable form), magnetically recorded or stored information generated by a computer, contracts, agreements,

communications, correspondence, emails, text messages, instant messages, telegrams, memoranda, records, reports, books, summaries or records of telephone conversations or interviews, diaries, forecasts, statistical statements, work papers, drafts, accounts, analytical records, minutes or records of meetings or conferences, consultant's reports, appraisals, records, reports or summaries of negotiations, brochures, pamphlets, circulars, calendars, trade letters, press releases, notes, marginal notations, bills, invoices, checks, lists, journals, advertising, computer storage media including USB drives, CDs and DVDs, and all other written, printed, recorded or photographic matter or sound reproductions, or tangible representations of things, however produced or reproduced, and all non-identical copies of the foregoing.

2. "PERSON" or "PERSONS" shall refer to and mean any natural persons, firms, partnerships, associations, joint ventures, corporations and professional corporations, business trusts, banking institutions, limited liability companies, unincorporated organizations and/or any other legal entity or association.

3. "RELATING TO" shall refer to and mean referring to, evidencing, embodying, containing, constituting, identifying, stating, supporting, memorializing, or in any other manner as being relevant to the subject matter described in this particular REQUEST FOR PRODUCTION.

<u>PRIVILEGE</u>

If you claim a privilege for any DOCUMENT requested herein, provide the following information:

1. The title, heading or caption, if any, of such DOCUMENT;
2. The identifying number(s), letter(s), or combination thereof;
3. The date appearing on such DOCUMENT and, if no date appears thereon, the approximate date on which the document was prepared.
4. The general nature or description of such DOCUMENT (*i.e.*, whether it's a letter, memorandum, etc), and the number of pages of such DOCUMENT.

5. The name of the person who signed such DOCUMENT or, if it was not signed, the name(s) of the person(s) who prepared it.

6. The name(s) of the person(s) to whom such DOCUMENT was addressed, and the name of each person other than the addressee(s) to whom such document or a copy thereof, was sent or who received or was shown any portion of such DOCUMENT.

7. The identity of and current contact information for the person who has custody of such DOCUMENT.

8. A general summary of the substance of such DOCUMENT.

## REQUESTS

1. All emails, existing or deleted, addressed to or copied to or originating from the email address: msliz.caro@gmail.com, that were created or initiated on or after January 1st, 2007. You may provide the emails on DVD or CD provided that the records may be easily read by html or pdf or doc or Outlook readers.

2. All information, documentation, or records you have concerning the emails identified in Request 1, including all metadata, headers, attachments, sequence numbers (or other records you may have that relate to these documents), the IP Addresses from which the emails originated, and the dates and times the emails were created, delivered, and/or deleted. Please provide the attachments on DVD or CD in both MIME format and in the format they would be stored if saved by the user if accessed via a browser running under Windows XP.

3. All information you have concerning the email account, msliz.caro@gmail.com, including but not limited to the date and times of any password changes, the dates and times this account was accessed via a browser (and whether a successful or unsuccessful login was attempted), and the IP addresses that were used to access the account and to make changes thereto. You are not required to divulge the actual password(s) – only your record of changes thereto.

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  3:09-CV-1353(CFD)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ __0.00__ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

# EXHIBIT B

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Marshall Caro, | § | CIVIL ACTION NO: |
| | § | |
| Plaintiff | § | 3:09-CV-1353 (CFD)(TPS) |
| | § | |
| | | |
| vs. | § | |
| | § | |
| David Weintraub, et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |

## DECLARATION OF TAMARA JIH IN SUPPORT OF NON-PARTY GOOGLE INC.'S MOTION TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER

I, Tamara Jih, declare and certify as follows:

1.  I am in-house Litigation Counsel for Google Inc. ("Google").  As one of the attorneys with responsibility for the representation of Google in this matter, I have personal knowledge of the facts set forth below and would competently testify to those facts if called upon to do so.

2.  On August 5, 2010, I spoke with Plaintiff Marshall Caro ("Plaintiff") regarding his Motion to Compel Production from Google (*see* Doc. No. 100) and the related Subpoena to Produce Documents that Google received from him on July 23, 2010.  *See* Exhibit 1 to Declaration of Ty Lim.  I reiterated what I understand Ty Lim, a representative in Google's Legal Investigations Support Department, had previously explained to Plaintiff during a similar conversation on July 26, 2010.  I further explained the process whereby the Administrator for Plaintiff's late wife's estate ("Estate Administrator") could be given access to her email account and Plaintiff could then obtain any emails he desired from her account by issuing a discovery request to the Estate Administrator.  Plaintiff, however, refused to withdraw his subpoena or

follow this course of action because of his disdain for the Estate Administrator, whom he characterized as untrustworthy.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief and that this declaration was executed on August 26 2010, at Mountain View, California.

By: _____/S/_____
                    Tamara Jih

# EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Marshall Caro, | § | CIVIL ACTION NO: |
| | § | |
| **Plaintiff** | § | 3:09-CV-1353 (CFD)(TPS) |
| | § | |
| | | |
| **vs.** | § | |
| | § | |
| David Weintraub, et al., | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## DECLARATION OF JOHN ROCHE IN SUPPORT OF NON-PARTY GOOGLE INC.'S MOTION TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER

I, John K. Roche, declare and certify as follows:

1.  I am an attorney licensed to practice in the Commonwealth of Virginia and the District of Columbia. I am an associate in the law firm of Perkins Coie LLP, outside counsel for Google Inc. ("Google"). As one of the attorneys with responsibility for the representation of Google in this matter, I have personal knowledge of the facts set forth below and would competently testify to those facts if called upon to do so.

2.  On August 6, 2010, I spoke with Plaintiff Marshall Caro ("Plaintiff") regarding his Motion to Compel Production from Google (*see* Doc. No. 100) and the related Subpoena to Produce Documents that Google received from him on July 23, 2010. *See* Exhibit 1 to Declaration of Ty Lim. I reiterated what I understand Ty Lim, a representative in Google's Legal Investigations Support Department, and Tamara Jih, Google's in-house counsel, had previously explained to Plaintiff during conversations on July 26, 2010, and August 5, 2010, respectively.

3.  When I spoke with Plaintiff on August 6, 2010, he refused to withdraw his subpoena,

expressed disdain for the Administrator of his late wife's estate, and threatened to inundate

Google with further discovery requests and motions practice if the company did not fully comply

with his subpoena.

I declare under penalty of perjury under the laws of the United States that the foregoing is

true and correct to the best of my knowledge and belief and that this declaration was executed on

August 26 2010, at Washington, D.C.

By:  ___/ s /_____

John K. Roche

2

# EXHIBIT D

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **Marshall Caro,** | § | **CIVIL ACTION NO:** |
| | § | |
| **Plaintiff** | § | **3:09-CV-1353 (CFD)(TPS)** |
| | § | |
| | | |
| **vs.** | § | |
| | § | |
| **David Weintraub, et al.,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## DECLARATION OF BRIAN ROCHE IN SUPPORT OF NON-PARTY GOOGLE INC.'S MOTION TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER

I, Brian C. Roche, declare and certify as follows:

1. I am an attorney licensed to practice in the District of Connecticut. I am a member in the law firm of Roche Pia LLC, outside counsel for Google Inc. ("Google"). As one of the attorneys with responsibility for the representation of Google in this matter, I have personal knowledge of the facts set forth below and would competently testify to those facts if called upon to do so.

2. On August 26, 2010, I spoke with Plaintiff Marshall Caro ("Plaintiff") regarding his second Subpoena to Produce Documents directed to Google. This second Subpoena was issued following this Court's order denying Plaintiff's motion to compel. During the course of that conversation, I reiterated what I understand Ty Lim, a representative in Google's Legal Investigations Support Department, and Tamara Jih, Google's in-house counsel, had previously explained to Plaintiff during conversations on July 26, 2010, and August 5, 2010, respectively.

3. Despite diligent efforts, the undersigned was unable to eliminate or reduce the area of controversy or to reach a mutually satisfactory resolution with the Plaintiff.

I declare under penalty of perjury under the laws of the United States that the foregoing is

true and correct to the best of my knowledge and belief and that this declaration was executed on

August 27, 2010, at Shelton, Connecticut.


By:   /S/_____
                      Brian C. Roche