UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARSHALL CARO, | : | CIVIL ACTION NO. 3:09-cv-1353 (RNC) |
| Plaintiff, | : | |
| V. | : | |
| DAVID WEINTRAUB and ERIC WEINTRAUB, | : | |
| Defendants. | : | MARCH 7, 2012 |

**DEFENDANTS/COUNTERCLAIM PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION (1) TO STRIKE PLAINTIFF'S AFFIRMATION IN LIEU OF AFFIDAVIT AND EXHIBITS AND (2) FOR OTHER RELIEF**

Defendants/Counterclaim Plaintiffs David Weintraub and Eric Weintraub ("Defendants") respectfully submit this memorandum of law in support of their motion to strike Plaintiff Marshall Caro's ("Plaintiff") "Affirmation in Lieu of Affidavit" ("Affirmation") and supporting exhibits that Plaintiff submitted in support of his Motion for Summary Judgment ("Motion") dated January 13, 2012 [Doc. No. 160]. Plaintiff's Affirmation is not a sworn statement or made under penalty of perjury and does not meet the basic requirements for a declaration under 28 U.S.C. § 1746. Further, all of the exhibits supporting Plaintiff's Motion constitute inadmissible hearsay and should be disregarded by the Court. In the event that the Court is inclined to consider Plaintiff's Affirmation and exhibits, Defendants respectfully request that the Court stay adjudication of Plaintiff's Motion sixty (60) days to afford them an opportunity to depose Plaintiff concerning the contents of his papers and to conduct any other necessary discovery in support of their opposition to Plaintiff's claims on summary judgment.

I.     **RELEVANT FACTUAL & PROCEDURAL BACKGROUND**

Plaintiff commenced this action on or about August 26, 2009 asserting claims for invasion of privacy, intentional infliction of emotional distress and intentional spoliation of evidence.  Plaintiff's claims primarily arise from events that occurred at the home of Plaintiff's late wife, Elizabeth Anne Caro ("Elizabeth"),[1] shortly before she died on February 6, 2008 and proceedings held before the Connecticut Probate Court in April 2008.  On October 31, 2010, after substantial motion practice, the Court entered a decision granting in part and denying in part Plaintiff's motion to amend his Complaint and granting in part and denying in part Defendants' motion to dismiss the Complaint.  [Doc. 121.00.]  The Court held, *inter alia*, that Plaintiff could amend his Complaint to add a claim for intentional interference with inheritance and dismissed Plaintiff's spoliation claim.  Plaintiff filed an Amended Complaint on February 24, 2011.  [Doc. 134.00.]

On November 28, 2011, Defendants filed their Second Amended Answer, Affirmative Defenses and Counterclaims ("Answer").  [Doc. 157.00.]  Defendants' Answer itself followed substantial motion practice concerning Plaintiff's challenge to Defendants' counterclaims as well as a motion for sanctions Plaintiff filed against Defendants' counsel, which the Court denied.  [Doc. 140.00, 141.00, 143.00, 144.00, 145.00, 150.00, 151.00, 152.00, 153.00, 154.00.]  Defendants' Answer asserted state law claims for tortious interference with inheritance, conversion and statutory theft.  The crux of Defendants' counterclaims is that Plaintiff unlawfully accessed Elizabeth's personal bank account hours before she died and transferred $25,000 from Elizabeth's personal account to a joint checking account she owned with Plaintiff.

---

[1] Elizabeth was Defendants' natural mother.  Plaintiff is Defendants' step-father.

On December 19, 2011, Plaintiff moved for an extension of time to respond to Defendants' counterclaims, which the Court granted without objection from Defendants. [Doc. 158.00 & 159.00]. On January 17, 2012, Plaintiff filed his Motion seeking entry of judgment in his favor on all of Defendants' counterclaims. In support of his summary judgment motion, Plaintiff submitted an unsworn Affirmation and supporting exhibits, consisting of a spreadsheet that Plaintiff allegedly prepared and purported bank statements from the joint bank account that he owned with Elizabeth. The crux of Plaintiff's argument in support of his Motion for Summary Judgment is that he *never* made any transfer of funds from Elizabeth's account *at any time*, including the transfer at issue that was made on February 5, 2008, and that Defendants are incapable of challenging his claims because he allegedly was the only person who spoke with or saw Elizabeth during the relevant time period. (*See* Affirm. at ¶¶ 23-27.)

## II.   APPLICABLE LAW & ANALYSIS

"In ruling on a motion for summary judgment, the court may only consider facts that would be admissible in evidence." *Morales v. Rooney*, No.: 3:06-cv-1556(RNC), 2010 U.S. Dist. LEXIS 35115, *8-9 & n.3 (D. Conn. Mar. 31, 2010) (citing Fed. R. Civ. P. 56(e) and disregarding certain exhibits submitted by the plaintiff containing inadmissible hearsay); *see O'Reilly v. Conn. Light & Power Co.*, No. 3:06-cv-2008(RNC), 2009 U.S. Dist. LEXIS 27673, at *4 n.3 (D. Conn. Apr. 2, 2009) (denying the plaintiffs' motion for reconsideration of order granting motion for summary judgment where plaintiffs' motion was based on inadmissible affidavits). It is the movant's burden on a motion for summary judgment to demonstrate by reference to properly authenticated admissible evidence that there are no issues of material fact and that the movant is entitled to judgment as matter of law. *Tardif v. GE*, No. 3:98-cv-1374 (RNC), 2000 U.S. Dist. LEXIS 21372, at *10-11 (D. Conn. Sept. 30, 2000); *Pommer v. C/O*

*Vaughn*, No. 3:07-cv-537(WWE), 2009 U.S. Dist. LEXIS 44534, at *5-6 (D. Conn. May 27, 2009).

Fed. R. Civ. P. 56 provides, *inter alia*, that a summary judgment motion may be supported by sworn affidavits or declarations. *See* Fed. R. Civ. P. 56(c)(1)(A), (c)(4); *Pascale v. Lepore*, No.: 309-cv-08(CFD), 2010 U.S. Dist. LEXIS 83310, at *2 (D. Conn. Aug. 16, 2010) (holding that a motion for summary judgment may be supported by sworn affidavits). "An affidavit or declaration used to support . . . a motion [for summary judgment] must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(1)(4). Further, D. Conn. L. Civ. R. 56 provides, in pertinent part, that each statement of material fact by the movant on a motion for summary judgment must be supported by the affidavit of a competent witness and/or admissible evidence. D. Conn. L. Civ. R. 56(a)3. "Unsworn statements . . . and affidavits composed of hearsay" or other nonadmissible evidence must be disregarded. *Barlow v. State*, No.: 3:00-cv-1983(EBB), 2004 U.S. Dist. LEXIS 9237, at *17-18 (D. Conn. May 5, 2004).

"To be admissible in a summary judgment proceeding, an affidavit must be sworn to before an officer authorized to administer oaths, such as a notary public." *Taylor & Fulton Packing, LLC v. Marco Int'l Foods, LLC*, No.: 09-cv-2614, 2011 U.S. Dist. LEXIS 144996, at *11-12 & n.2 (E.D.N.Y. Dec. 16, 2011); *see Pascale*, *supra*, 2010 U.S. Dist. LEXIS at *14 & n.3 (holding inadmissible on a motion for summary judgment witness statements that were unsworn and not made under penalty of perjury). Federal courts have held that unsworn statements, even from *pro se* parties, should be disregarded on a motion for summary judgment. *See McCaskill v. Ray*, 279 Fed. Appx. 913, 915 (11th Cir. 2008) (so holding). As an alternative to a sworn

affidavit, 28 U.S.C. § 1746 provides that a party may rely on an unsworn declaration in lieu of an affidavit if the declaration substantially conforms to the requirements of the statute. *See Leboeuf, Lamb, Greene & MacRae, LLP v. Worsham*, 185 F.3d 61, 65-66 (2d Cir. 1999); *Barlow*, *supra*, 2004 U.S. Dist. LEXIS at *11-12 (so holding). To be admissible under § 1746, a declaration, *inter alia*, must be "subscribed as true under penalty of perjury." *Id.*; *see* 28 U.S.C. § 1746 (stating that the maker of the declaration must state "under penalty of perjury that the foregoing is true and correct").

This Court has held that a motion to strike is "appropriate if documents submitted in support of a motion for summary judgment contain inadmissible hearsay . . . or have not been properly authenticated." *Barlow*, *supra*, 2004 U.S. Dist. LEXIS at *10-11.

### A. *Plaintiff's Affirmation Is Inadmissible.*

Plaintiff's Affirmation is patently inadmissible in support of his Motion for Summary Judgment—it is neither an affidavit nor a declaration under 28 U.S.C. § 1746. The Affirmation: (1) is not made under penalty of perjury; (2) was not sworn to before a notary; (3) contains no statement that the alleged facts set forth therein are made on personal knowledge or are true and accurate; and (4) contains no statement that Plaintiff is competent to testify concerning all of the alleged facts set forth in the document. *See* Fed. R. Civ. P. 56(c)(1)(4); 28 U.S.C. § 1746; *Pascale*, *supra*, 2010 U.S. Dist. LEXIS at *14 & n.3; *Barlow*, *supra*, 2004 U.S. Dist. LEXIS at *11-12. Plaintiff's bald statement that he "swears and affirms" to the alleged facts set forth therein does not save his Affirmation, as it was not sworn to before a notary and fails to contain any of the recognized badges of truth and accuracy. *See, e.g.*, *Pascale*, *supra*, 2010 U.S. Dist. LEXIS at *14 & n.3 (holding that, even though the witnesses' unsworn statement provided that it

"'is true to the best of my knowledge,' it does not include any language indicating that it was made under penalty of perjury.").

Plaintiff cannot be heard to argue that he was unfamiliar with the requirements of an affidavit or declaration under 28 U.S.C. § 1746. Plaintiff, while a *pro se* party, is well-versed in the requirements for affidavits and declarations. Plaintiff's initial Complaint [Doc. No. 1], proposed amended complaint [Doc. No. 46-3], and his operative Amended Complaint [Doc. No. 134] all contain a declaration under 28 U.S.C. § 1746 and actually cite the statute. Further, Plaintiff has demonstrated that he is capable of reading and comprehending the requirements of the Federal and Local Rules of Civil Procedure governing motions for summary judgment, having cited the appropriate sections of such rules in his motion papers. Indeed, the title of Plaintiff's Affirmation, "Affirmation in Lieu of Affidavit," demonstrates that Plaintiff was well aware that he had to submit a sworn, admissible statement in support of his Motion for Summary Judgment. Because Plaintiff's Affirmation lacks the basic requirements for an affidavit or declaration, the Court should strike the Affirmation in its entirety and/or disregard it in connection with adjudicating Plaintiff's summary judgment motion.

### B. *Plaintiff's Exhibits Are Inadmissible Hearsay.*

The Court should also strike and/or disregard Exhibit 1 and Exhibit 2 to Plaintiff's Affirmation as inadmissible hearsay. Plaintiff claims that Exhibit 1 is a spreadsheet that *he created* depicting all of the deposits, withdrawals and transfers that he and Elizabeth purportedly made between October 2001 and February 5, 2008 from their joint checking account. (*See* Affirmation at ¶ 26 & Exh. 1). Page 9 of Exhibit 1 purports to show that Elizabeth, not Plaintiff, transferred $25,000 into the joint account on February 5, 2008. (*See id.*) Whether Elizabeth, or Plaintiff, made this transfer is, of course, the very issue underlying Defendants' counterclaims

and is the focus of Plaintiff's entire Motion. Exhibit 1 in its entirety, and the February 5, 2008 entry specifically, are rank hearsay both for the proposition that the information they depict is true and accurate and for the proposition that Plaintiff or Elizabeth made the alleged transactions depicted on the document. *See* Fed. R. Evid. 802 (hearsay is not admissible). Because Exhibit 1 is not admissible, the Court should strike it and/or disregard it in adjudicating Plaintiff's summary judgment motion.

Plaintiff claims that Exhibit 2 is a copy of certain bank statements from which he created Exhibit 1 that "show all of the transfers *Elizabeth made* to and from her personal checking account and our joint checking account." (Pl.'s Affirm. at ¶ 26 (emphasis added).) Plaintiff therefore claims that the bank statements themselves establish that Elizabeth made the $25,000 transfer at issue, not Plaintiff. The bank statements, however, are inadmissible hearsay under Federal Rule of Evidence 802. Plaintiff clearly offers the bank statements for the truth of the matters asserted therein and in support of his claim that "[a]t no time *did I* ever make any transfers from Elizabeth's personal checking account to our joint checking account." (*Id.* ¶ 27 (emphasis added); *see also* Pl.'s Mem. Law at 2 ("Plaintiff never made any transfers from Elizabeth Caro's personal account.").) While the bank statements may qualify as business records under Federal Rule of Evidence 803(6), Plaintiff has not presented the testimony of any bank custodian or other witness qualified to confirm the conditions of admissibility under Rule 803(6). Even if the bank statements themselves were generally admissible, they are inadmissible as evidence that Plaintiff or Elizabeth made a particular transfer or deposit depicted in the records. Accordingly, the Court should strike and/or disregard Exhibit 2 in its entirety.

        **C.**        ***The Court Should Stay Adjudication of Plaintiff's Summary Judgment Motion In the Event It Does Not Strike Plaintiff's Affirmation and Exhibits.***

In the event that the Court does not strike Plaintiff's Affirmation and exhibits, or affords Plaintiff an opportunity to submit a proper affirmation or declaration, Defendants respectfully request that the Court stay adjudication of Plaintiff's Motion for sixty (60) days so that Defendants may depose Plaintiff concerning his papers and conduct any necessary additional discovery in response to Plaintiff's summary judgment claims. *See* Fed. R. Civ. P. 56(d)(1), (2); *see generally Sadler v. Lantz*, No. 3:07-cv-1316(CFD), 2011 U.S. Dist. LEXIS 97846, at *8-17 (D. Conn. Aug. 30, 2011) (discussing grounds for staying a motion for summary judgment to allow for additional discovery). This case involves a procedural irregularity where discovery closed [*see* Doc. 87.00] before Defendants were required to answer Plaintiff's Complaint and before they interposed their counterclaims. [*See* Doc. 87.00, 121.00, 134.00, 157.00.] As a result, Defendants have not conducted formal discovery in aid of their claims, which discovery is likely to support their opposition to Plaintiff's Motion. (*See* Declaration of Eric Weintraub, 3/7/12, at ¶ 6 (filed herewith) ("Weintraub Decl.").)

Specifically, Defendants have not yet deposed Plaintiff to challenge or impeach the self-serving claims set forth in his Affirmation that: (1) Plaintiff never made any transfers from Elizabeth's personal account to the joint account (Affirm. at ¶ 27); (2) Elizabeth told Plaintiff that she transferred $25,000 from her personal account to their joint account on or about February 4, 2008 (Affirm. at ¶ 20); (3) Plaintiff loaned Defendants any money for their weddings (Pl.'s Rule 56(a)1 Statement at ¶ 3; Affirm. at ¶ 20); and (4) Plaintiff was the only person Elizabeth saw or spoke to between February 3, 2008 and her death on February 6, 2008 (Affirm. at ¶ 25). Defendants desire and intend to depose Plaintiff to address these and other issues Plaintiff now raises for the first time in this case. (Weintraub Decl. at ¶ 3.)

Further, Defendants intend to obtain discovery / evidence from the hospice nurse(s) who was present at Elizabeth's home shortly before she died and/or from other medical providers and family members in order to demonstrate that Elizabeth was incapable of transferring funds electronically the day before she died, that Plaintiff was not alone with Elizabeth in the days before she lost consciousness, and that Plaintiff was not the only person Elizabeth saw or spoke with between February 3, 2008 and February 6, 2008, as Plaintiff conveniently claims in his unsworn Affirmation.  (Weintraub Decl. at ¶ 4.)  Defendants also intend to procure the testimony of an appropriate witness from the bank at which Elizabeth maintained her personal account to confirm the date and time of the $25,000 transfer, in relation to Plaintiff's self-serving claim that Elizabeth was operating a laptop computer unobserved in her bathroom mere hours before she died of terminal cancer.  (Weintraub Decl. at ¶ 5.)  Such evidence would raise material questions of fact and/or credibility concerning Plaintiff's claims and demonstrate that Plaintiff is not entitled to judgment as a matter of law, assuming that the Court first determines that Plaintiff has sustained his own burden to demonstrate entitlement to summary judgment.

In the event that the Court is not inclined to stay adjudication of Plaintiff's Motion for Summary Judgment, Defendants respectfully request that the Court afford them thirty (30) days to file a supplemental Local Rule 56(a)2 Statement and supporting papers in opposition to Plaintiff's Motion.

### III. CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court strike Plaintiff's Affirmation and exhibits in their entirety and grant such other and further relief that the Court deems appropriate pursuant to this motion and the Federal and Local Rules of Civil Procedure.

**DEFENDANTS/COUNTERCLAIM PLAINTIFFS, DAVID WEINTRAUB & ERIC WEINTRAUB**

By  /s/ Peter K. Rydel (ct24793)
Peter K. Rydel (ct24793)
DAY PITNEY LLP
242 Trumbull Street
Hartford, CT 06103
Tel.: 860-275-0100
Fax: 860-275-0343
pkrydel@daypitney.com

*Their Attorneys*

## **CERTIFICATION**

      This is to certify that on this, the 7th day of March 2012, a copy of the foregoing was sent via electronic mail, to:

Marshall Caro
47 Angelus Drive
Greenwich, CT  06831

                                        /s/ Peter K. Rydel (ct24793)
                                        Peter K. Rydel