UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARSHALL CARO, : | CIVIL ACTION NO. 3:09-cv-1353 (RNC) |
| Plaintiff, : | |
| V. : | |
| DAVID WEINTRAUB and : | |
| ERIC WEINTRAUB, : | |
| Defendants. : | MARCH 7, 2012 |

**DECLARATION OF ERIC WEINTRAUB
IN SUPPORT OF OTHER RELIEF REQUESTED
IN DEFENDANTS' MOTION TO STRIKE**

1. My name is Eric Weintraub. I am over eighteen years of age and believe in the obligations of an oath. I, along with my brother David Weintraub, are defendants in the above-captioned matter (hereinafter "Defendants").

2. I make this Declaration pursuant to 28 U.S.C. § 1746 and applicable law in support of certain relief requested in Defendants' Motion to Strike. Specifically, I make this Declaration in support of Defendants' request, in the event that the Court does not strike Plaintiff Marshall Caro's ("Plaintiff") Affirmation in Lieu of Affidavit ("Affirmation") and supporting exhibits, to stay adjudication of Plaintiff's Motion for Summary Judgment in order for Defendants to conduct certain discovery in support of their opposition to Plaintiff's summary judgment motion. I make this Declaration on personal knowledge.

3. If the Court is inclined to stay adjudication of Plaintiff's Motion for Summary Judgment, Defendants, through our attorneys, intend to depose Plaintiff to challenge or impeach the self-serving claims set forth in Plaintiff's Affirmation that: (1) he never made any transfers from my mother, Elizabeth Anne Caro's ("Elizabeth"), personal bank account to the joint bank

account that she apparently owned with Plaintiff; (2) Elizabeth told Plaintiff that she transferred $25,000 from her personal account to their joint account on or about February 4, 2008; (3) Plaintiff loaned me and/or my brother money for our weddings; and (4) he was the only person Elizabeth saw or spoke to between February 3, 2008 and her death on February 6, 2008.

4. Further, Defendants intend to obtain discovery / evidence from the hospice nurse(s) who was present at Elizabeth's home shortly before she died and/or from other medical providers and family members in order to demonstrate that Elizabeth was incapable of transferring funds electronically the day before she died, that Plaintiff was not alone with Elizabeth in the days before she lost consciousness and died, and that Plaintiff was not the only person Elizabeth saw or spoke with between February 3, 2008 and February 6, 2008, as Plaintiff claims in his unsworn Affirmation.

5. Defendants also intend to procure the testimony of an appropriate witness from the bank at which Elizabeth maintained her personal account to confirm the date and time of the $25,000 transfer, in relation to Plaintiff's self-serving claim that Elizabeth was operating a laptop computer unobserved in her bathroom mere hours before she died of terminal cancer.

6.   Defendants were unable to procure the foregoing evidence prior to the filing of Plaintiff's motion for summary judgment because the discovery period closed before Defendants interposed the counterclaims that are a subject of Plaintiff's motion.

## DECLARATION PURSUANT TO 28 U.S.C. § 1746

Pursuant to and in accordance with 28 U.S.C. § 1746, I, Eric Weintraub, hereby declare under penalty of perjury that the foregoing is true and correct.

_____
Eric Weintraub

Executed on March 7, 2012
Bridgewater, New Jersey